**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BELEN LOPEZ RODRIGUEZ,
Plaintiff

Hon.
Case No.

v.

GRWT TECHNOLOGY, INC
d/b/a IWIS MECHATRONICS, INC.,
Defendant.

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

**COMPLAINT AND JURY DEMAND**

Plaintiff Belen Lopez Rodriguez, by and through her attorneys, Avanti Law Group, PLLC, for her Complaint against Defendant GRWT Technology, Inc., states as follows:

**INTRODUCTION**

1. This action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. ("ADA"); the Michigan Persons with Disabilities Civil Rights Act, MCL 37.1101 et seq. ("PWDCRA"); and the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq. ("FMLA").

2. Plaintiff alleges that Defendant failed to reasonably accommodate her disability, terminated her employment because of her disability and her use of protected medical leave, and retaliated against her for engaging in protected activity.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 2617(a)(2).

4. This Court has supplemental jurisdiction over Plaintiff's PWDCRA claim under 28 U.S.C. § 1367(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred at Defendant's facility in Kent County, Michigan, which is within this District. Assignment to the Southern Division is proper under W.D. Mich. LCivR 3.2.

## ADMINISTRATIVE EXHAUSTION

6. On April 29, 2025, Plaintiff filed a verified Charge of Discrimination against Defendant with the Michigan Department of Civil Rights ("MDCR"), dual-filed with the United States Equal Employment Opportunity Commission ("EEOC"), designated MDCR Case No. 656991 and EEOC Charge No. 23A-2025-00934.

7. The Charge alleged that Plaintiff is a person with a disability, that Defendant failed to accommodate her disability, and that on March 31, 2025, Defendant sent her home, asserting that it could not accommodate her medical restrictions.

8. On August 11, 2026, the EEOC issued a Determination and Notice of Rights in EEOC Charge No. 23A-2025-00934, dismissing the Charge and advising Plaintiff of her right to file a civil action within ninety (90) days of receipt. A copy is attached as Exhibit A.

9. This Complaint is filed within ninety (90) days after the EEOC issued the Determination and Notice of Rights, and therefore within ninety (90) days after Plaintiff received it.

10. Plaintiff has satisfied the administrative prerequisites to her ADA claims. Her ADA discharge and retaliation claims arise from Defendant's termination of her employment while the Charge was

pending and grow out of the conduct alleged in the Charge. Plaintiff's claims under the PWDCRA and FMLA are not subject to an administrative-exhaustion requirement.

## PARTIES

11. Plaintiff Belen Lopez Rodriguez is a natural person who at all times relevant resided in Kent County, Michigan.

12. Defendant GRWT Technology, Inc d/b/a Iwis Mechatronics, Inc. is a corporation that maintains and operates a facility at 4460 44th Street SE, Suite B, Grand Rapids, Michigan 49512, in Kent County, Michigan.

13. At all times relevant, Defendant was Plaintiff's "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5); the PWDCRA, MCL 37.1201(b); and the FMLA, 29 U.S.C. § 2611(4), and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

14. At all times relevant, Plaintiff was an "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4); the PWDCRA, MCL 37.1201(a); and the FMLA, 29 U.S.C. § 2611(2), and was an "eligible employee" for purposes of the FMLA.

## GENERAL ALLEGATIONS

### A. Plaintiff's Employment

15. Defendant hired Plaintiff in or about September 2017 to work as a Machine/Production Operator at its Grand Rapids facility. Plaintiff worked in that position until Defendant removed her from work in March 2025.

16. Plaintiff's regular work schedule was 6:00 a.m. to 2:00 p.m.

17. On August 29, 2024, Defendant completed Section I of a U.S. Department of Labor Form WH-380-E, Certification of Health Care Provider for Employee's Serious Health Condition, for

Plaintiff. In that form, Defendant identified Plaintiff's job title as "Production Operator" and gave the following statement of her essential job functions: "Less than 10 lbs, handling and inspecting parts, moving from one job to another."

**B. Plaintiff's Disability and Medical Restrictions**

18. Plaintiff has chronic venous disease, including pelvic congestion syndrome and bilateral varicose veins. These physical impairments are chronic and episodic. They substantially limit, and when active would substantially limit, major life activities including lifting and standing, and the operation of major bodily functions including circulatory function. Plaintiff is therefore a person with a "disability" within the meaning of the ADA, 42 U.S.C. § 12102, and the PWDCRA, MCL 37.1103(d).

19. Plaintiff's treating medical provider, Jennifer Ramsey, NP-C, of Cherry Health, completed and signed Section II of the Form WH-380-E on September 6, 2024. Ms. Ramsey certified that Plaintiff's condition is a chronic condition and that its expected duration is lifelong.

20. Ms. Ramsey's certification stated that Plaintiff is unable to lift more than 10 pounds or work more than 40 hours per week, that Plaintiff cannot stand for prolonged periods of time during a flare-up of symptoms, and that sitting options should be offered as needed. The lifting and hours restriction bears Ms. Ramsey's notation dated September 18, 2024.

21. Defendant received Plaintiff's medical certification on or about September 6, 2024. Plaintiff's provider also communicated Plaintiff's restrictions directly to Defendant's human resources representative, Bethany Kooyers.

22. At all times relevant, Plaintiff was qualified for her position and could perform its essential functions with or without reasonable accommodation. Her restrictions were consistent with the essential functions of her position as Defendant itself described them on August 29, 2024.

**C. Plaintiff's FMLA Leave**

23. On August 29, 2024, Defendant issued Plaintiff a Notice of Eligibility and Rights & Responsibilities (Form WH-381) for leave for her own serious health condition. On October 2, 2024, Defendant issued a Designation Notice (Form WH-382) approving Plaintiff's request for leave under the FMLA and designating leave taken for her condition as FMLA leave. Plaintiff thereafter took intermittent FMLA leave for her condition.

**D. Defendant's Failure to Accommodate**

24. Between in or about September 2024 and March 2025, Plaintiff repeatedly asked Ms. Kooyers, her direct supervisor, and Defendant's production leadership to assign her work consistent with her medical restrictions. Among other things, Plaintiff asked to be assigned to machines and tasks within her 10-pound lifting restriction and asked for a chair at her workstation so that she could sit when needed.

25. Defendant made chairs available in Plaintiff's work area to employees who had medical restrictions.

26. When the machine to which Plaintiff was assigned was not operating, Defendant directed Plaintiff to work on other machines or in its sort area, where the work required lifting beyond her restrictions. On information and belief, other operators assigned to the same machine who did not have medical restrictions were permitted to choose where to work when the machine was not operating.

27. Ms. Kooyers told Plaintiff that Defendant was working on her restrictions, but Defendant did not change Plaintiff's assignments to conform to them.

28. On or about March 21, 2025, Defendant directed Plaintiff to work in the sort area, which required lifting beyond her restrictions, and told her that the alternative was to apply for disability benefits.

29. Defendant failed to engage in a good-faith interactive process with Plaintiff to identify reasonable accommodations and failed to provide reasonable accommodations that were available.

30. Plaintiff's last shift was on or about March 28, 2025. On or about March 31, 2025, Defendant directed Plaintiff to perform work in its sort area that exceeded her medical restrictions. Plaintiff objected and reminded Defendant of her restrictions. Ms. Kooyers responded, in substance, that if Plaintiff was sick, Defendant would send her home. Defendant then sent Plaintiff home and told her that it could not accommodate her restrictions.

31. Defendant did not return Plaintiff to work. Defendant told Plaintiff that she could return to work when her restrictions changed. Plaintiff told Defendant that her condition is chronic.

32. While Defendant kept her off work, Plaintiff continued to pay her share of the premiums for the health insurance she received through Defendant.

**E. Plaintiff's Charge and the Termination of Her Employment**

33. On April 29, 2025, while Defendant was keeping her off work, Plaintiff filed her Charge of Discrimination with the MDCR, dual-filed with the EEOC, as described above. On May 28, 2025, the MDCR issued a Notice of Certified Complaint stating that a copy of the Charge had been mailed to Defendant.

34. On June 9, 2025, Ms. Kooyers told Plaintiff by telephone that, under Plaintiff's current restrictions, Defendant was unable to accommodate her.

35. By letter dated June 27, 2025, signed by Ms. Kooyers, Defendant informed Plaintiff that her "job protection under the Family and Medical Leave Act (FMLA) has ended as of June 18, 2025"; that "under your current restrictions we are unable to accommodate"; that her health and other benefits would continue through June 30, 2025; and that she would receive a COBRA notice "[a]fter your employment termination is processed." The letter further stated: "Once you are medically cleared to return to work without restrictions, you will be eligible to be considered for rehire."

36. Defendant's June 27, 2025 letter terminated Plaintiff's employment.

37. Before terminating Plaintiff's employment, Defendant did not identify any essential function of her position that she could not perform with reasonable accommodation and did not offer her any accommodation, reassignment, or alternative position.

38. Defendant terminated Plaintiff's employment while her Charge was pending and approximately one month after the MDCR mailed Defendant a copy of the Charge.

39. Defendant conditioned Plaintiff's return to work, and any rehire, on her being "medically cleared to return to work without restrictions," rather than assessing whether she could perform the essential functions of her position with reasonable accommodation.

40. On information and belief, Defendant counted the time it kept Plaintiff off work after March 31, 2025 against her FMLA leave entitlement, although Plaintiff was able to work with reasonable accommodation during that time.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits including employer-sponsored health insurance, health insurance premiums paid while Defendant kept her off work, loss of her long-term employment, out-of-pocket medical expenses, emotional distress, and other damages. Plaintiff obtained other employment in or about July 2025 and has mitigated and continues to mitigate her damages.

42. Defendant's conduct was intentional and undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## FAILURE TO ACCOMMODATE
## 42 U.S.C. § 12112(b)(5)(A)

43. Plaintiff incorporates by reference the preceding paragraphs.

44. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

45. Defendant knew of Plaintiff's disability and of her need for reasonable accommodation no later than September 6, 2024, when it received her medical certification.

46. Plaintiff requested reasonable accommodation, including assignment to work within her 10-pound lifting restriction, seating when needed, and a limit of 40 hours of work per week. Those accommodations were consistent with the essential functions of her position as Defendant itself described them, were available, and would not have imposed an undue hardship on Defendant.

47. Defendant failed to provide reasonable accommodation, in violation of 42 U.S.C. § 12112(b)(5)(A), and failed to engage in a good-faith interactive process with Plaintiff to identify one.

48. Instead of accommodating Plaintiff, Defendant removed her from work on or about March 31, 2025 and terminated her employment by letter dated June 27, 2025, on the stated ground that it was unable to accommodate her restrictions.

49. As a direct and proximate result, Plaintiff has suffered the damages described above and is entitled to the relief set forth in the Prayer for Relief.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**DISCRIMINATORY DISCHARGE**
**42 U.S.C. § 12112(a)**

50. Plaintiff incorporates by reference the preceding paragraphs.

51. The ADA prohibits a covered employer from discriminating against a qualified individual on the basis of disability with respect to the discharge of an employee. 42 U.S.C. § 12112(a).

52. Defendant discharged Plaintiff because of her disability and her need for accommodation, in violation of 42 U.S.C. § 12112(a). Defendant's June 27, 2025 letter stated that Defendant was "unable to accommodate" Plaintiff under her restrictions and conditioned any rehire on her being cleared to work "without restrictions."

53. As a direct and proximate result, Plaintiff has suffered the damages described above and is entitled to the relief set forth in the Prayer for Relief.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**RETALIATION**
**42 U.S.C. § 12203(a)**

54. Plaintiff incorporates by reference the preceding paragraphs.

55. The ADA prohibits a covered employer from discriminating against any individual because the individual has opposed any act or practice made unlawful by the ADA, or because the individual made a charge under the ADA. 42 U.S.C. § 12203(a).

56. Plaintiff engaged in protected activity under the ADA when she filed her Charge of Discrimination with the MDCR, dual-filed with the EEOC, on April 29, 2025.

57. On information and belief, Defendant received the MDCR's mailing of the Charge before it terminated Plaintiff's employment. Defendant terminated Plaintiff's employment while the Charge was pending, approximately one month after the MDCR mailed Defendant a copy of the Charge, because of her protected activity, in violation of 42 U.S.C. § 12203(a).

58. As a direct and proximate result, Plaintiff has suffered the damages described above and is entitled to the relief set forth in the Prayer for Relief.

**COUNT IV**
**MICHIGAN PERSONS WITH DISABILITIES**
**CIVIL RIGHTS ACT**
**FAILURE TO ACCOMMODATE AND DISCHARGE**
**MCL 37.1102(2); MCL 37.1202(1)**

59. Plaintiff incorporates by reference the preceding paragraphs.

60. The PWDCRA requires a person, except as otherwise provided in article 2 of the Act, to accommodate a person with a disability for purposes of employment unless the accommodation

would impose an undue hardship, MCL 37.1102(2), see also MCL 37.1210; and prohibits an employer from discharging or otherwise discriminating against an individual because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position, MCL 37.1202(1).

61. Plaintiff is a person with a disability within the meaning of MCL 37.1103(d). Plaintiff's disability is unrelated to her ability to perform the duties of her position, with or without accommodation.

62. Plaintiff notified Defendant in writing of her need for accommodation, including through the medical certification that Defendant received on or about September 6, 2024, within 182 days after she knew or reasonably should have known that an accommodation was needed, as required by MCL 37.1210(18).

63. In the alternative, on information and belief, Defendant did not post notices or use other appropriate means to provide its employees with notice of the requirements of MCL 37.1210(18), as MCL 37.1210(19) requires. See MCL 37.1606(5).

64. Defendant failed to accommodate Plaintiff and discharged her because of her disability, in violation of the PWDCRA.

65. As a direct and proximate result, Plaintiff has suffered the damages described above and is entitled to the relief set forth in the Prayer for Relief.

## COUNT V
## MICHIGAN PERSONS WITH DISABILITIES
## CIVIL RIGHTS ACT
## RETALIATION
## MCL 37.1602(a)

66. Plaintiff incorporates by reference the preceding paragraphs.

67. The PWDCRA provides that a person shall not retaliate or discriminate against a person because the person has opposed a violation of the Act, or because the person has made a charge, filed a

complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the Act. MCL 37.1602(a).

68. Plaintiff opposed Defendant's failure to accommodate her disability, including on or about March 31, 2025, when she objected to an assignment that exceeded her medical restrictions and reminded Defendant of those restrictions.

69. Plaintiff also made a charge and filed a complaint under the PWDCRA when she filed her Charge of Discrimination with the MDCR on April 29, 2025.

70. Defendant retaliated against Plaintiff because of her protected activity, in violation of MCL 37.1602(a), including by sending her home and removing her from work on or about March 31, 2025, immediately after her objection, and by terminating her employment on June 27, 2025, while her Charge was pending and approximately one month after the MDCR mailed Defendant a copy of the Charge.

71. As a direct and proximate result, Plaintiff has suffered the damages described above and is entitled to the relief set forth in the Prayer for Relief.

## COUNT VI
## FAMILY AND MEDICAL LEAVE ACT INTERFERENCE
## 29 U.S.C. § 2615(a)(1)

72. Plaintiff incorporates by reference the preceding paragraphs.

73. At all relevant times, Defendant was a covered employer and Plaintiff was an eligible employee entitled to leave under the FMLA for her own serious health condition. 29 U.S.C. §§ 2611, 2612(a)(1)(D).

74. Plaintiff gave Defendant notice of her need for FMLA-qualifying leave, and on October 2, 2024, Defendant approved her request and designated leave for her condition as FMLA leave.

75. Defendant interfered with, restrained, or denied the exercise of Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1), including by keeping Plaintiff off work after March 31, 2025, when she was able to work with reasonable accommodation, and counting that time against her FMLA leave entitlement; by declaring that her FMLA job protection had ended as of June 18, 2025; and by terminating her employment rather than restoring her to the same or an equivalent position under 29 U.S.C. § 2614(a).

76. As a direct and proximate result, Plaintiff is entitled to damages under 29 U.S.C. § 2617(a)(1)(A), including wages, benefits, and other compensation; liquidated damages; interest; and reasonable attorney's fees and costs under 29 U.S.C. § 2617(a)(3).

## COUNT VII
## FAMILY AND MEDICAL LEAVE ACT
## RETALIATION
## 29 U.S.C. § 2615(a); 29 C.F.R. § 825.220(c)

77. Plaintiff incorporates by reference the preceding paragraphs.

78. The FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of any right the FMLA provides, 29 U.S.C. § 2615(a)(1), or to discharge or discriminate against any individual for opposing any practice the FMLA makes unlawful, 29 U.S.C. § 2615(a)(2). The FMLA's implementing regulations provide that the Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee for having exercised or attempted to exercise FMLA rights. 29 C.F.R. § 825.220(c).

79. Plaintiff engaged in protected activity by requesting FMLA leave in August 2024 and by taking FMLA-qualifying leave for her serious health condition thereafter.

80. Defendant took adverse employment action against Plaintiff, including by terminating her employment, in response to and because of her protected activity, in violation of 29 U.S.C. § 2615(a) and 29 C.F.R. § 825.220(c).

81. As a direct and proximate result, Plaintiff is entitled to damages under 29 U.S.C. § 2617(a)(1)(A), including wages, benefits, and other compensation; liquidated damages; interest; and reasonable attorney's fees and costs under 29 U.S.C. § 2617(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award her the following relief:

A. A declaration that Defendant's conduct violated the ADA, the PWDCRA, and the FMLA;

B. Back pay, front pay, lost benefits, and all other economic damages in an amount to be proved at trial;

C. Compensatory damages for emotional distress and other non-economic injuries under the ADA and PWDCRA, in an amount to be proved at trial;

D. Punitive damages under 42 U.S.C. § 1981a;

E. Liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii);

F. Pre- and post-judgment interest at the maximum rate allowed by law;

G. Reasonable attorney's fees, expert witness fees, and costs under 42 U.S.C. § 12205, 42 U.S.C. § 2000e-5(k), MCL 37.1606(3), and 29 U.S.C. § 2617(a)(3); and

H. Such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .

Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 10/29/26

/s/ Belen Lopez
Belen Lopez Rodriguez